**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

DONALD T. FREEMAN,

Plaintiff,

vs. Case No.:

MOTOROLA SOLUTIONS, INC.,
a Foreign Profit Corporation,

Defendant.

---

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff DONALD T. FREEMAN (hereinafter “Plaintiff” or “Freeman”) hereby sues MOTOROLA SOLUTIONS, INC. (hereinafter “Motorola” or “Defendant”), and in support thereof, states as follows:

**Jurisdiction, Parties and Venue**

1. This is an action for unlawful employment practices including age discrimination by Defendant in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §621, *et seq.*, as amended (“ADEA”), age and sex discrimination by Defendant in violation of the Florida Civil Rights Act of 1992, Florida Statutes Section 760.01, *et seq.* (“FCRA”), and sex discrimination by Defendant in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

2. Freeman seeks damages including declaratory and injunctive relief; lost pay and benefits; liquidated damages; compensatory and punitive damages; attorneys’ fees, costs and expenses; and all other relief this Court deems just and proper.

3. Freeman is a resident of Lake City, Florida in Columbia County, Florida.

4. At all relevant times, Freeman worked out of Motorola's Lake Mary, Florida office, located at 1064 Greenwood Blvd., #400, Lake Mary, Florida 32746 in Seminole County, Florida.

5. At all relevant times, Freeman was over the age of 40 years old.

6. Freeman was an employee of the Defendant.

7. Freeman is an aggrieved person within the meaning of Title VII, the ADEA, and the FCRA.

8. Motorola is a Foreign Profit Corporation authorized to do business in the state of Florida.

9. At all relevant times, Motorola was engaged in an industry affecting commerce and had 20 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

10. Motorola is an employer within the meaning of Title VI, the ADEA and the FCRA.

11. Venue in this Court is proper as the unlawful employment practices described herein occurred in Seminole County, Florida and Freeman was employed by the Defendants in Seminole County, Florida.

12. Freeman has met all conditions precedent and exhausted all administrative remedies prior to filing suit, including:

a. Timely filing a *Charge of Discrimination* with the Florida Commission on Human Relations ("FCHR") via dual-filing same through the United States Equal Employment Opportunity Commission ("EEOC");

b. Receiving a Notice of Right to Sue from the EEOC within 90 days of filing this action; and

c. Filing this action more than 180 days from the time Plaintiff filed his *Charge of Discrimination* without the FCHR issuing a determination on the charge.

**Facts**

13. Freeman was born in 1962. He is currently 57 years old.

14. Freeman is male.

15. Freeman worked for Motorola for approximately 27 years.

16. Defendant terminated Freeman on August 13, 2018.

17. Freeman was terminated by Territory Service Director Ms. Lorraine Chambliss ("Chambliss"), purportedly for misusing warranty contracts to control his commissions and characterized his actions as falsification of company documents.

18. At the time of his termination, Freeman was employed by Defendant as a Customer Support Manager ("CSM").

19. As a CSM, Freeman's job duties included managing customer contracts, proposing new services to customers, renewing contracts and building business relationships.

20. Throughout his career, Freeman worked zealously on behalf of Motorola, was promoted multiple times and earned multiple awards.

21. Freeman was an excellent employee who was valued by his customers.

22. Motorola's Vice President and Director publicly referred to Freeman as a "model" service manager and a "rock star."

23. Until his termination, Freeman never received any negative performance feedback or documentation.

24. After his termination, many of Mr. Freeman's customers and work partners wrote letters to Defendant expressing surprise and disbelief in the company's decision to fire him.

25. Motorola's claim that Freeman misused customer warranty contracts is false.

26. At Motorola, it is common practice for CSMs to manage warranty contracts for service-led projects in the same manner as did Freeman.

27. In fact, Freeman was taught to manage warranty contracts in this manner around 10 years ago, and has been doing so without comment or correction since that time.

28. In line with this common practice, the other members of Freeman's team have likewise managed warranty contracts in the same manner.

29. The funds at issue were known to and approved by the Pre-Sales Business Team, Management and Finance, among other departments.

30. In fact, the Pre-Sales Business Team put the funds for transactional services into the warranty account which was then given to the CSM to use, undermining any claim that Freeman engaged in misuse of any contracts.

31. Freeman, like others, used the funds to accomplish the client's needs.

32. Motorola provided no guidance or policy providing instruction on how to use the warranty contracts on which it based Freeman's termination.

33. Motorola provided Freeman with no training contrary to his use of the warranty contracts.

34. Freeman never falsified a company document.

35. Freeman's commission was not affected by his use of the warranty contracts.

36. Defendant mischaracterized Freeman's actions to manufacture a reason to terminate his employment as pretext for age and gender discrimination.

37. Three of Freeman's female co-worker team members, two of which who were also much younger than Freeman, handled the warranty contracts in the same manner Freeman did during the same period, yet were not disciplined in any manner.

38. Despite engaging in the exact same conduct, only Freeman, a 57-year-old male, was terminated.

39. Chambliss is approximately 40 years old.

40. Chambliss also demoted another male employee, age 56, on the same day she terminated Freeman, demonstrating her age and gender bias.

41. Motorola replaced Freeman with two younger females.

42. Motorola shifted from its stated reason for Freeman's termination, likewise demonstrating pretext.

**COUNT I**
**<u>Age Discrimination in Violation of the ADEA</u>**

43. Freeman incorporates Paragraphs 1 through 42 above as if fully set forth herein.

44. The ADEA prohibits the Defendant from discriminating against an employee on the basis of age.

45. Freeman is a member of a protected class in that he is more than 40 years of age.

46. Freeman was qualified for the position he held with the Defendant.

47. Defendant purposefully and intentionally terminated Plaintiff because of his age.

48. Defendant acted intentionally, purposefully, willfully, maliciously and/or with reckless indifference to Freeman's protected rights by unfairly disciplining him, harassing him, terminating him and adversely affecting his employment benefits based on age in violation of the ADEA.

49. As a result of Defendant's actions, Freeman suffered lost wages and benefits, emotional distress, humiliation, shame, loss of self-esteem and dignity, mortification, disgrace, embarrassment, loss of enjoyment of life, and mental anguish, and Freeman will continue to suffer said damages in the future.

50. Freeman is entitled to recover his attorneys' fees, costs and other litigation expenses from the Defendants as a prevailing party pursuant to the ADEA.

**WHEREFORE,** Plaintiff respectfully requests that this Court:

A. Enter a judgment in favor of Plaintiff and against Defendant declaring that Defendant unlawfully discriminated against Plaintiff in violation of the ADEA; and/or

B. Issue a mandatory injunction requiring Defendant to effectively plan, develop, undertake, implement and monitor a plan designed to ensure that Defendant's employees are not subjected to discrimination; and/or

C. Reinstate Plaintiff to employment with Defendant, or, in the alternative, award Plaintiff front pay; and/or

D. Award Plaintiff all lost pay and benefits; and/or

E. Award Plaintiff additional monies for tax liability that that does result if damages award to Plaintiff pushes him into a higher tax bracket; and/or

F. Award Plaintiff an additional amount equal to the lost pay and benefits as liquidated damages; and/or

G. Award Plaintiff pre-judgment and post-judgment interest; and/or

H. Award Plaintiff his costs, expenses and attorneys' fees pursuant to the ADEA; and/or

I. Retain continuing jurisdiction in order to ensure compliance with the terms of the mandatory injunction requested herein; and/or

J. Grant such additional relief as this Court deems just and proper.

**COUNT II**
**Discrimination in Violation of the FCRA**

51. Freeman incorporates Paragraphs 1 through 42 above as if fully set forth herein.

52. The FCRA forbids Defendant from discriminating on the basis of an employee's age and/or sex.

53. Freeman is a member of a protected class in that he is more than 40 years of age.

54. Freeman is a member of a protected class in that he is male.

55. Freeman was qualified for the position he held with the Defendant.

56. Defendant purposefully and intentionally terminated Plaintiff because of his age and/or sex.

57. Defendant acted intentionally, purposefully, willfully, maliciously and/or with reckless indifference to Freeman's protected rights by unfairly disciplining him, harassing him, terminating him and adversely affecting his employment benefits based on his age and/or sex in violation of the FCRA.

58. As a result of the Defendant's actions, Freeman suffered lost wages and benefits, emotional distress, humiliation, shame, loss of self-esteem and dignity, mortification, disgrace, embarrassment, loss of enjoyment of life, and mental anguish, and Freeman will continue to suffer said damages in the future.

59. Freeman is entitled to recover his attorneys' fees, costs and other litigation expenses from the Defendants as a prevailing party pursuant to the FCRA.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

A. Enter a judgment in favor of Plaintiff and against Defendant declaring that Defendant unlawfully discriminated against Plaintiff in violation of the FCRA; and/or

B. Issue a mandatory injunction requiring Defendant to effectively plan, develop, undertake, implement and monitor a plan designed to ensure that Defendant's employees are not subjected to discrimination; and/or

C. Reinstate Plaintiff to employment with Defendant, or, in the alternative, award Plaintiff front pay; and/or

D. Award Plaintiff all lost pay and benefits; and/or

E. Award Plaintiff additional monies for tax liability that does result if damages awarded to Plaintiff pushes him into a higher tax bracket; and/or

F. Award Plaintiff such other nominal, general, compensatory and other damages available under the FCRA; and/or

G. Awarding Plaintiff punitive damages;

H. Award Plaintiff pre-judgment and post-judgment interest; and/or

I. Award Plaintiff his costs, expenses and attorneys' fees pursuant to the provisions of FCRA; and/or

J. Retain continuing jurisdiction in order to ensure compliance with the terms of the mandatory injunction requested herein; and/or

K. Grant such additional relief as this Court deems just and proper.

## COUNT III
## Sex Discrimination in Violation of Title VII

60. Freeman incorporates Paragraphs 1 through 42 above as if fully set forth herein.

61. Title VII prohibits Defendant from discriminating against an employee on the basis of sex.

62. Freeman is a member of a protected class in that he is male.

63. Freeman was qualified for the position he held with the Defendant.

64. Defendant purposefully and intentionally terminated Plaintiff because of his sex.

65. Defendant acted intentionally, purposefully, willfully, maliciously and/or with reckless indifference to Freeman's protected rights by unfairly disciplining him, harassing him, terminating him and adversely affecting his employment benefits based on sex in violation of Title VII.

66. As a result of Defendant's actions, Freeman suffered lost wages and benefits, emotional distress, humiliation, shame, loss of self-esteem and dignity, mortification, disgrace, embarrassment, loss of enjoyment of life, and mental anguish, and Freeman will continue to suffer said damages in the future.

67. Freeman is entitled to recover his attorneys' fees, costs and other litigation expenses from the Defendants as a prevailing party pursuant to Title VII.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

A. Enter a judgment in favor of Plaintiff and against Defendant declaring that Defendant unlawfully discriminated against Plaintiff in violation of Title VII; and/or

B. Issue a mandatory injunction requiring Defendant to effectively plan, develop, undertake, implement and monitor a plan designed to ensure that Defendant's employees are not subjected to discrimination; and/or

C. Reinstate Plaintiff to employment with Defendant, or, in the alternative, award Plaintiff front pay; and/or

D. Award Plaintiff all lost pay and benefits; and/or

E. Award Plaintiff additional monies for tax liability that does result if damages awarded to Plaintiff pushes him into a higher tax bracket; and/or

F. Award Plaintiff such other nominal, general, compensatory and other damages available under Title VII; and/or

G. Awarding Plaintiff punitive damages;

H. Award Plaintiff pre-judgment and post-judgment interest; and/or

I. Award Plaintiff his costs, expenses and attorneys' fees pursuant to the provisions of Title VII; and/or

J. Retain continuing jurisdiction in order to ensure compliance with the terms of the mandatory injunction requested herein; and/or

K. Grant such additional relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

Dated: November 5, 2019.

Respectfully submitted,

s/ Amanda L. Biondolino
Cynthia N. Sass, Esquire
Florida Bar No. 0691320
Amanda L. Biondolino, Esquire
Florida Bar No. 1008493
**SASS LAW FIRM**
601 West Dr. Martin Luther King, Jr. Boulevard
Tampa, Florida 33603
Telephone: (813) 251-5599

Facsimile: (813) 259-9797
**DESIGNATION OF E-MAIL SERVICE**:
**Primary**: csass@sasslawfirm.com
**Secondary**: reception@sasslawfirm.com
bcruz@sasslawfirm.com
**Primary**: abiondolino@sasslawfirm.com
**Secondary**: reception@sasslawfirm.com
jolney@sasslawfirm.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 5th day of November, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF ePortal system.

Respectfully submitted,

s/ Amanda Biondolino